UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DANIEL CROSBY,
    Petitioner,

v.                                            Case No. 8:20-cv-1778-KKM-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Crosby, a former Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court sentence. (Doc. 1.) Because Crosby is no longer in prison, the petition is dismissed without prejudice for lack of jurisdiction.

Crosby entered a plea of nolo contendere in state court to two counts of armed burglary with a firearm and two counts of grand theft and was sentenced to ten years in prison. (Doc. 8-1, Exs. F & G.) Crosby alleges that his trial counsel was ineffective for failing to inform him of an earlier eight-and-a-half-year plea offer from the State. In his petition, Crosby stated that he sought "specific instructions for the State Court to vacate the sentence and have the State re-open the offer of 8.5 years for petitioner's acceptance." (Doc. 1, p. 23.) In his reply to Respondent's response, Crosby clarified that he sought "to challenge [the] fact of duration of his sentence in Habeas Corpus under 28 USC § 2254

and not his conviction" and asked the Court to "grant his petition and remand for resentencing of the lost offer of 8.5 years or anything less due to the violations." (Doc. 11, pp. 1 & 9.)

On July 10, 2023, the Clerk received Crosby's notice of change of address. (Doc. 15.) That notice provides a residential address for Crosby. (*Id.*) Judicially-noticed online records of the Florida Department of Corrections show that Crosby was released from custody on June 22, 2023.[1]

Crosby's sentence was only for a term of imprisonment. (Doc. 8-1, Exs. F & G.) The state court did not impose probation, community control, or other supervised or conditional release. (*Id.*) Because Crosby only challenged the duration of his sentence, is now released from prison, and is not serving any form of supervised or conditional release for the relevant state court cases, this case is moot and the Court thus lacks jurisdiction to consider the petition. Mootness is a jurisdictional issue which must be raised by the Court sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' or 'Controversies.'" *Mitchell v. Middlebrooks*, 287 F. App'x 772, 773 (11th Cir. 2008). "Thus, if an event occurring after the filing of the lawsuit deprives 'the court of the ability to give the plaintiff or appellant meaningful relief, then the case is

---

[1] *See* Fed. R. Evid. 201(b).

moot and must be dismissed.' " *Id.* (quoting *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990) (internal quotation marks and citation omitted). A court must therefore find a case moot where it "can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). The dismissal of a moot case for lack of jurisdiction may occur at any stage of the proceeding. *See United States v. Koblan*, 478 F.3d 1324, 1325 (11th Cir. 2007). A court cannot decide the merits of a moot action. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (internal quotation marks and citation omitted)); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (stating that a decision on the merits of a moot case is an "impermissible advisory opinion" (citation omitted)).

Crosby's release from custody renders this case moot because he clearly states that he only challenged the duration of confinement, not the validity of the conviction, in his § 2254 petition. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986)

3

(affirming the dismissal of a § 2254 petition for lack of jurisdiction as moot because the petitioner attacked the State's calculation of his gain time credits, and the petitioner was no longer in custody); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding a case moot when the petitioner's "ultimate objective in bringing [the] action was to obtain parole" and he was released on parole during his appeal).

A § 2254 action does not necessarily become moot upon the petitioner's release if the petitioner is challenging the conviction itself, because the fact of the conviction may carry collateral consequences that can affect the petitioner. *See Hernandez*, 796 F.2d at 390 ("It is the existence of the underlying conviction, however, rather than the length of confinement, which creates the necessity to consider collateral consequences . . .") But Crosby has clearly stated that he does not challenge his conviction.

Thus, the case is moot, and Court lacks jurisdiction to consider Crosby's petition. The Court cannot issue a certificate of appealability (COA). *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (stating that the district court could not issue a COA when it lacked jurisdiction over a successive § 2254 petition).

Accordingly, Crosby's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED without prejudice** for lack of jurisdiction. The **CLERK** is directed to

**ENTER** judgment, which shall read "This case is dismissed without prejudice," terminate any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 13, 2023.

Kathryn Kimball Mizelle
United States District Judge